1
2
3
4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6
7

KINSALE INSURANCE COMPANY, a foreign insurer;

No. 2:22-cv-1045

8

**COMPLAINT FOR DECLARATORY RELIEF**

9

Plaintiff,

10

v.

11

RUFF CONSTRUCTION, INC, f/k/a RUFF CONSTRUCTION & MAINTENANCE, INC., a Washington corporation; and JOSE FRANCISCO MORALES OLGUIN, an individual,

12
13

Defendants.

14
15

Plaintiff Kinsale Insurance Company (hereinafter "Kinsale") submits the following

16

Complaint for Declaratory Relief.

17

## I.    INTRODUCTION

18

1.1    This is an insurance coverage action seeking declaratory relief pursuant to 28

19

U.S.C. §§ 2201 and 2202. Kinsale seeks a determination that it does not owe a duty to defend or

20

indemnify Ruff Construction, Inc., f/k/a Ruff Construction & Maintenance, Inc. ("Ruff") under

21

policies of insurance issued by Kinsale with respect to claims against Ruff in *Olguin v. Ruff*

22

*Construction, Inc*, Superior Court of the State of Washington for the County of King Cause No.

23

22-2-01912-3 KNT (the "Underlying Suit").

24

## II.    PARTIES

COMPLAINT FOR DECLARATORY RELIEF – 1

2.1     Plaintiff Kinsale is a foreign eligible surplus lines insurer organized under the laws of the state of Arkansas and headquartered in Richmond, Virginia.

2.2     Defendant Ruff Construction, Inc., formerly known as and/or doing business as Ruff Construction & Maintenance, Inc (hereinafter "Ruff"), is a corporation organized under the laws of the state of Washington and is headquartered in Woodinville, King County, Washington.

2.3     Defendant Jose Francisco Morales Olguin is a resident of King County, Washington.

### III.     JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2     Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves a claim for insurance coverage stemming from the alleged losses that occurred in King County, Washington.

### IV.     FACTUAL BACKGROUND

**A.     The Underlying Suit**

4.1     On February 7, 2022, Jose Francisco Morales Olguin ("Mr. Olguin") filed the Underlying Suit for personal injuries in the Superior Court of Washington for King County under Case No. 22-2-01912-3 against Ruff Construction, Inc.[1]

4.2     The Complaint in the Underlying Suit alleges that Mr. Olguin suffered personal

---

[1] As set forth above, Ruff Construction, Inc. is either formerly known as and/or does business as Ruff Construction & Maintenance, Inc. as such, Ruff Construction, Inc. and Ruff Construction & Maintenance, Inc. are referred to as "Ruff" throughout the remainder of this Complaint except as necessary for further clarity.

COMPLAINT FOR DECLARATORY RELIEF – 2

1    injuries at a multi-family residential condominium complex project known as "Sunset Vista"

2    located at or near 2531 South 248th Street in Kent, King County, Washington 98032.  The injuries

3    allegedly occurred on or about March 29, 2021.

4         4.3    According to the Complaint, Sunset Vista Condominium Owners Association

5    contracted with Ruff for exterior enclosure remediation.

6         4.4    The Complaint alleges that Trinity Waterproofing, Inc. ("Trinity"), Mr. Olguin's

7    employer, was working at the Sunset Vista location under a construction contract/agreement with

8    Ruff on March 29, 2021.

9         4.5    The Complaint alleges that Mr. Olguin suffered personal injuries while in the

10   course and scope of his employment for Trinity, which included doing exterior waterproofing work

11   on the Sunset Vista premises.

12        4.6    The Complaint alleges that Mr. Olguin was ordered to perform a task or series of

13   tasks at the Sunset Vista premises and was on an extension ladder doing waterproofing touch up

14   work on the second floor, over 24 feet from the ground, on the day of his claimed injuries.

15        4.7    The Complaint alleges that Mr. Olguin had been denied the ability to access the

16   location from the interior of the building and had been denied the use of a manlift that had

17   previously been provided when working from heights in excess of 10 feet above ground level as

18   measured from his feet to the ground.

19        4.8    The Complaint further alleges that Mr. Olguin worked on the extension ladder

20   without assistance, that the ladder was inadequately secured, and that it did not have secure footing

21   on a firm level support surface.

22        4.9    The Complaint alleges that Mr. Olguin was forced to move the ladder to the deck

23   of an exterior balcony on the second floor of the building and that while doing so, he fell and

24

COMPLAINT FOR DECLARATORY RELIEF – 3

1  landed on the concrete at ground level below.

2      4.10    The Complaint asserts that Mr. Olguin suffered severe injuries including broken

3  teeth, a fractured rib, multiple vertebral fractures, and herniated discs for which surgery was

4  required and performed.

5      4.11    The Complaint alleges that Mr. Olguin was not adequately trained or equipped, that

6  he was not provided with adequately safe means of access to his work, and was not provided with

7  adequate, continuous fall protection when working at heights.

8      4.12    The Complaint asserts that Ruff was the general contractor on the project.

9      4.13    The Complaint further alleges that Ruff was performing functions and duties of a

10  general contractor on the site, which included allegedly controlling and managing the job site in

11  whole or in part.

12      4.14    The Complaint alleges that Ruff retained the right to control subcontractors

13  including employees and staff thereof.

14      4.15    The Complaint alleges that Ruff had actual control of the site and that portion on

15  which Mr. Olguin worked.

16      4.16    The Complaint asserts that Trinity, Mr. Olguin's direct employer, was an agent of

17  Ruff and acting within the course and scope of its agency at the time of the accident.

18      4.17    As such, the Complaint asserts that Ruff is vicariously liable for injuries and

19  damages caused by errors, omissions, and/or breaches of non-delegable duties on the part of

20  Trinity.

21      4.18    The Complaint asserts that Mr. Olguin was an invitee on the premises by Ruff.

22      4.19    The Complaint further alleges that Ruff failed to ensure that he was provided with

23  sufficient equipment, materials, and/or manpower assistance to safely perform his work.

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

4.20     The Complaint also alleges that Ruff failed to ensure that Mr. Olguin was provided with a safe means of access to the work location; failed to ensure he was provided with sufficient instruction, supervision, and/or training to safely perform the work; and failed to provide him and other workers on the job site with site-specific accident prevention program that was effective in practice and properly implemented such that it would have allowed him to safely perform his work.

4.21     The Complaint further alleges that Mr. Olguin's injuries were proximately caused by unsafe and/or hazardous conditions on the job site and/or by the unsafe practices of Ruff.

4.22     The Complaint asserts that Ruff was negligent in failing to properly design, plan, coordinate, manage, inspect, equip, and/or otherwise supervise the work of the contractors performing work on the site and that it caused his injuries.

4.23     In addition, the Complaint alleges that Ruff was negligent in violating and/or unlawfully permitting violation of Washington Industrial Safety and Health Act RCW Title 49, Chapter 17 and WAC regulations under that statute including, but not limited to, Title 296 WAC. Mr. Olguin further alleges claims for negligent violations of or unlawfully permitting violations of the federal Occupational Safety and Health Act, USC Title 29, Chapter 15, and administrative regulations promulgated under the statute to the extent said regulations apply and/or are incorporated into WISHA RCW Title 49, Chapter. 17.

4.24     The Complaint asserts that those violations purportedly included, but are not limited to, failure to ensure that Mr. Olguin was provided with a workplace that complied with the applicable code safety standards required by Chapter 296-800 WAC, failure to provide a workplace that complied with applicable safety standards for construction work required by Chapter 296-15 WAC, including but not limited to WISHA regulations for ladder safety under Chapter 296-876 WAC and fall protection standards under Chapter 296-880 WAC.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

4.25    Mr. Olguin's Complaint alleges that his injuries were caused and proximately caused by these negligent acts or omissions of Ruff because it failed to provide him with a place of employment that is reasonably safe and free from recognized hazards likely to cause serious injury or death to employees, and in directing or permitting him to be directed as part of his usual employment to work in a foreseeably dangerous place and in a foreseeably dangerous manner.

4.26    The Complaint further alleges that his injuries were caused and proximately caused by the breach of the common law duties of ordinary care owed to him and that his injuries were caused and proximately caused by the breach of duties owed to him by Ruff Construction Inc. as a possessor of land.

4.27    The Complaint alleges that as a result of the claimed acts and/or omissions and/or violations of Ruff, he suffered severe, permanent and disabling personal injuries.

4.28    The Complaint seeks recovery for past and future medical expenses and other unstated expenses, wage loss, loss of earning capacity, and other general and special damages to be determined at the time of trial as well as attorney's fees and costs.

**B.      The Kinsale Policies**

4.29    Kinsale issued a Commercial General Liability policy of insurance to named insured Ruff Construction & Maintenance, Inc., policy number 0100007580-8 (hereinafter, the "CGL Policy"). The CGL Policy was in effect from September 15, 2020 to September 15, 2021.

4.30    The CGL Policy provides a $1,000,000 per occurrence limit and a $2,000,000 general aggregate limit

4.31    The CGL Policy includes the following pertinent language identifying who is an insured:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

[...]

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insured, but only with respect to their liability as stockholders.

[...]

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

CG00010413 as modified by CAS30110220.

    4.32    The CGL Policy consists primarily of form CG 00 01 04 13, which provides as follows with respect to its insuring agreement:

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

[...]

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1.  **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period;

    **(3)**    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   **(1)**  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   **(2)**  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

   **(3)**  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

CG 00 01 04 13.

4.33    The CGL Policy excludes coverage for "bodily injury" expected or intended from the standpoint of the insured:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1         2.      **Exclusions**

2         The insurance does not apply to:

3         a.      **Expected Or Intended Injury**

4         "Bodily injury" or "property damage" expected or
5         intended from the standpoint of the insured. This
          exclusion does not apply to "bodily injury" resulting
6         from the use of reasonable force to protect persons or
          property.

7   CG00010413.

8      4.34    The CGL Policy does not provide coverage for an insured's obligations under a

9  workers' compensation or similar law:

10        2.      **Exclusions**

11        The insurance does not apply to:

12        […]

13        d.      **Workers' Compensation And Similar Laws**

14        Any obligation of the insured under a workers'
15        compensation, disability benefits or unemployment
          compensation law or any similar law

16  CG00010413.

17      4.35    The CGL Policy contains an "Employer's Liability" exclusion that is amended by

18  form CAS3040 0320. The exclusion states:

19        2.      **Exclusions**

20        The insurance does not apply to:

21        […]

22        e.      **Employer's Liability**

23        "Bodily injury" to:

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

**(1)**     An "employee" of the insured arising out of and in the course of:

       **(a)**     Employment by any insured; or

       **(b)**     Performing duties related to the conduct of any insured's business; or

**(2)**     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether an insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury and to liability assumed under an "insured contract".

The word "employee" as used in this exclusion includes any member, associate, "leased worker", contract worker, casual worker, "temporary worker" or any persons loaned to or volunteering services to you.

CG00010413 as amended by CAS3040 0320.

     4.36     In addition, the CGL Policy contains the following Endorsement, modifying the insurance policy:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS**

[…]

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PRODUCTS/COMPLETED OPERATIONS LIABILTY COVERAGE**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

The following exclusion is added to this policy:

> This insurance does not apply to any claim or "suit" for "bodily injury" or "personal and advertising injury" sustained by any of your independent contractors or subcontractors, or any employee, "leased worker", "temporary worker" or volunteer help of same.

ALL OTHER TERMS AND CONDITITONS OF THE POLICY REMAIN UNCHANGED.

CAS3060 0110.

4.37    The CGL Policy includes an endorsement that excludes coverage for any claim or "suit" for "bodily injury" or "property damage" when there is a dedicated insurance program in place:

**EXCLUSION – DEDICATED INSURANCE PROGRAMS**

[…]

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving either your ongoing operations or operations included within the "products-completed operations hazard" at any location or project where a "dedicated insurance program" has been provided by you or any other person or entity and in which you are enrolled.
>
> This exclusion applies whether or not the "dedicated insurance program":

COMPLAINT FOR DECLARATORY RELIEF – 12

1.      Provides coverage identical to that provided by this Policy;

2.      Has limits adequate to cover all claims; or

3.      Remains in effect.

This exclusion does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving your ongoing operations for a project at locations other than the site at which the "dedicated insurance program" applies, if coverage for these operations is not provided in the "dedicated insurance program".

The following is added to the **DEFINITIONS** Section of this Policy:

"Dedicated insurance program" means consolidated (wrap-up) insurance program, Owner Controlled Insurance Program (OCIP), Contractor Controlled Insurance Program (CCIP) or other job or project specific policy.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

CAS3062 1219.

4.38    The CGL Policy contains an endorsement, form CAS3043 0817, that modifies the policy as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL POLICY EXCLUSIONS**

[…]

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE LIQUOR LIABILITY COVERAGE**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1

2

3

The following exclusions are added to this policy:

[…]

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend.

[…]

ALL OTHER TERMS AND CONDITITONS OF THE POLICY REMAIN UNCHANGED.

CAS3043 0817.

4.39    The CGL Policy includes the following definitions relevant to the above-referenced provisions:

**SECTION V – DEFINITIONS**

**SECTION V – DEFINITIONS**

[…]

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

[…]

**5.**     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

[…]

**10.**    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.  "Leased worker" does not include a "temporary worker."

[…]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[...]

**19.**   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term Workload conditions.

[...]

CG00010413.

4.40   The CGL Policy contains the following provisions regarding an insured's duties in the event of an occurrence, claim, or suit:

**2.**   **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)**   How, when and where the "occurrence" or offense took place;

**(2)**   The names and addresses of any injured persons and witnesses; and

**(3)**   The nature and location of any injury or damage arising out of the "occurrence" or offense

**b.**   If a claim is made or "suit" is brought against any insured, you must:

**(1)**   Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**   Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

COMPLAINT FOR DECLARATORY RELIEF – 15

**c.**   You and any other involved insured must:

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)   Authorize us to obtain records and other information;

(3)   Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

CG00010413.

4.41   In addition to the above, Kinsale also issued a Commercial Excess Liability Insurance policy to named insured Ruff Construction & Maintenance, Inc. for the September 15, 2020 to September 15, 2021 policy period under policy number 0100007578-8 (the "Excess Policy").

4.42   The Excess Policy includes a $5,000,000 Each Occurrence Limit and a $5,000,000 Annual Aggregate Limit.

4.43   The Excess Policy consists primarily of form CAX0001 0817, which includes the following Insuring Agreement:

**COMMERCIAL EXCESS LIABILITY POLICY**

[…]

**SECTION I – COVERAGE**

COMPLAINT FOR DECLARATORY RELIEF – 16

A.   **INSURING AGREEMENT**

We will pay on behalf of the Named Insured those sums in excess of the "underlying insurance" that you become legally obligated to pay as damages because of injury or property damage to which this insurance applies, provided that the damages would be covered by the "underlying insurance(s)", but for the exhaustion of the applicable Limits of Insurance.

This policy shall follow the terms, definitions, conditions and exclusions of the "primary insurance" and of any other "underlying insurance" only to the extent coverage is further limited or restricted by the terms and conditions of such other "underlying insurance"; subject always to the policy period, policy limits, premiums and all other terms, definitions, conditions and exclusions of this policy. If any provisions of the "underlying insurance" conflict with any provisions of this policy, the provisions of this policy will apply.

This policy will not, in any event, provide broader coverage than that provided by the "underlying insurance".

The amount we will pay for damages shall not exceed the Limited of Insurance stated in **Item 1** of the Declarations.

CAX0001 0817.

4.44    The Excess Policy also contains the following provisions with regard to defense, investigation, and settlement under the same:

B.   **DEFENSE, INVESTIGATION, SETTLEMENT**

1.   When the Limit of Insurance of "underlying insurance" have not been exhausted, the Company will have the right but not the duty to participate in the investigation, defense and settlement of claims or suits against you seeking damages because of injury or damage to which this insurance might apply. If a claim or suit is settled within the limits of insurance

COMPLAINT FOR DECLARATORY RELIEF – 17

of the "underlying insurance(s)", no costs will be payable by the Company.

2.    When the limit of Insurance of "underlying insurance" are exhausted by payments of judgments, settlements, and any costs or expenses subject to such limit, we will have a duty to defend claims or suits to which this insurance applies. We may, at our discretion, investigate and settle any claims or suits however we will have no duty to defend an insured against any claim or suit seeking damages to which this insurance does not apply. No other duty, obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for elsewhere in this policy.

3.    Subject to the above provisions, costs incurred by you without the written consent of the Company shall be paid by you.

4.    When we assume the defense of any claim or suit against you that seeks damages covered by this policy, we will pay all costs to the extent that such payments are not covered elsewhere.

5.    If the "primary insurance" includes defense costs and expenses within the limits of insurance of those policy(ies), then any such payments we make are included within and will reduce the Limits of Insurance of this policy as shown in **Item 1** of the Declarations.

6.    We will have no duty to investigate, defend or settle claims or suits brought against you once the Limits of Insurance of this policy as stated in **Item 1** of the Declarations are exhausted, or if claims or suits brought against you are excluded from coverage under this policy.

CAX0001 0817.

4.45    The Excess Policy provides that the exclusions of the "underlying insurance", here the CGL Policy, will also apply to the Excess Policy:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

1

2   **SECTION III – EXCLUSIONS**

3   All exclusions in the "underlying insurance", will also apply to the Limits of Insurance and coverage available under this policy. If there are conflicts in the exclusions of the "underlying insurance" with any of the exclusions of this policy, the exclusions in this policy will apply.

4

5   [...]

6   CAX0001 0817.

7   4.46    The Excess Policy also provides that where there is no coverage under the Excess

8   Policy, there is no duty to defend under the same.

9   **6. Duty To Defend**

10  Where there is no coverage under this policy, there is no duty to defend.

11  CAX0001 0817.

12

13  4.47    The Excess Policy includes an endorsement excluding coverage for claims or suits

    for injury or damage covered by a "dedicated insurance program":

14

15  **EXCLUSION – DEDICATED INSURANCE PROGRAMS**

16  [...]

17  **This endorsement modifies insurance provided under the following:**

18  **COMMERCIAL EXCESS LIABILITY COVERAGE**

19  The following exclusion is added to this Policy:

20  This insurance does not apply to any claim or suit for injury or damage arising directly or indirectly out of, related to, or, in any way involving either your ongoing operations or operations included within the "products-completed operations hazard" as it is defined in "underlying insurance", at any location or project where a "dedicated insurance program" has been provided by you or any other person or entity and in which you are enrolled.

21

22

23

24

COMPLAINT FOR DECLARATORY RELIEF – 19

This exclusion applies whether or not the "dedicated insurance program":

    1.    Provides coverage identical to that provided by this policy;

    2.    Has limits adequate to cover all claims; or

    3.    Remains in effect.

This exclusion does not apply to injury or damage arising directly or indirectly out of, related to, or, in any way involving your ongoing operations for a project at locations other than the site at which the "dedicated insurance program" applies, if coverage for these operations is not provided in the "dedicated insurance program".

The following is added to the **DEFINITIONS** Section of this Policy:

"Dedicated insurance program" means consolidated (wrap-up) insurance program, Owner Controlled Insurance Program (OCIP), Contractor Controlled Insurance Program (CCIP) or other job or project specific policy.

[…]

CAX3006 1219.

4.48    The Non-Drop Down Provision Endorsement of the Excess Policy provides as follows:

Item 1. of **SECTION IV- LIMITS OF INSURANCE** is deleted and replaced with the following:

**1.**    The Limit of Insurance under this policy applies only when the total applicable limits of the "underlying insurance" have been exhausted solely as a result of the actual payment of claims for damages by the underlying insurer(s) for claims that are covered under this policy, including if applicable actual payments by the underlying insurer(s) of any costs or expenses incurred in the investigation or defense of

any claim covered under this policy. It shall be the insured's sole responsibility to provide other insurance or self-insurance for any impairment of the underlying aggregate limit as a result of payments of claims for damages excluded under this policy. CAX40141211.

4.49    The Excess Policy contains duties of an insured provision, which provides as follows:

**3.    Duties in the Event of an Occurrence, Claim or Suit**

You must see to it that we are notified as soon as practicable of an occurrence that may result in a claim for damages or suit under this policy. To the extent possible, notice should include:

a.    How, when and where the occurrence took place;

b.    The names, addresses, or any injured persons and any witnesses; and

c.    The nature and location of any injury or damage arising out of the occurrence.

If a claim is made, or suit is brought against you, which is reasonably likely to involve this policy, you must notify us in writing. Written notice should be mailed to the Company at the address shown on the Declarations page of this policy. You and any other insured must:

a.    immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or suit; and

b.    authorize us to obtain records and other information; and

c.    cooperate with us in the investigation, settlement and defense of the claim or suit; and d. assist us upon our request, in the enforcement of any right against any person or organization that may be liable to you

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

because of injury or damage to which this policy may apply

Except at your own cost, you will not voluntarily make payment, assume any obligation or incur any expense without our consent.

CAX0001 0817.

4.50     The Excess Policy includes the following definitions relevant to the above-referenced provisions:

**SECTION II – DEFINITIONS**

1. "Primary insurance" means the "underlying insurance" policy(ies) listed as "primary insurance" in the Schedule of Underlying Insurance forming a part of this policy.

2. "Underlying insurance(s)" – means:

All policies or self insurance, including the "primary insurance", listed in the Schedule of Underlying Insurance and any replacements or renewals of them, provided that such replacement or renewal policy(ies) provide coverage equivalent to and afford limits of insurance equal to or greater than the policy(ies) being renewed or replaced.

Policies purchased or issued for newly acquired or newly formed organizations shall not be more restrictive than any of the policies included in the Schedule of Underlying Insurance.

If any "underlying insurance" is subject to a sublimit, this insurance shall not drop down as excess of such sublimit, however, the limit of insurance of the "underlying insurance" shall be recognized as depleted to the extent of the underlying insurer's payment of loss subject to such sublimit.

CAX0001 0817.

**C.     Tender for Defense**

4.51     Ruff tendered the Underlying Suit to Kinsale for defense and indemnity.

4.52     Kinsale promptly acknowledged receipt of the tender and initiated a coverage

investigation.

4.53    Kinsale accepted the tender for defense pursuant to a reservation of rights letter dated March 22, 2022.

4.54    The reservation of rights letter requested that Ruff provide the following information:

1. Copies of any and written contracts between Ruff Construction and Trinity regarding the "Sunset Vista" Project described in the Complaint;

2. Ruff Construction's entire job file regarding the "Sunset Vista" Project described in the Complaint;

3. All documents and communications discussing or related to Ruff Construction work on the "Sunset Vista" Project described in the Complaint;

5. All reports, investigations, invoices, or other documentation describing the events leading to the claims asserted by Mr. Olguin against Ruff Construction;

6. Any and all tenders by Ruff Construction for the claims asserted against it to any insurance carrier and any and all responses to the same;

7. Any other communications between Ruff Construction and any other insurance carriers regarding the subject claims or arising from the same;

8. Copies of other policies of insurance that may potentially have coverage for the claims asserted against Ruff Construction; and

9. Copies of any and all documents which pertain or relate to the alleged damages and injuries claimed by Olguin in the Complaint.

## V.    THERE ARE ACTUAL AND JUSTICIABLE CONTROVERSIES AS TO KINSALE'S COVERAGE OBLIGATIONS

5.1    Kinsale incorporates by reference and realleges paragraphs 1.1 through 4.54 above as if fully set forth herein.

5.2    Actual and justiciable controversies exist as to whether Kinsale owes any defense to Ruff under the Kinsale CGL Policy.

5.3    The CGL Policy identifies who is considered an insured under the CGL Policy to

COMPLAINT FOR DECLARATORY RELIEF – 23

include the organization identified on the Declarations page.

5.4     The Declarations page for the CGL Policy identifies Ruff Construction & Maintenance, Inc. as the named insured.

5.5     The Complaint in the Underlying Suit asserts claims against Ruff Construction, Inc.

5.6     There is an actual and justiciable controversy as to whether Ruff Construction, Inc. is the same entity as Ruff Construction & Maintenance, Inc. and as to whether Ruff Construction, Inc. qualifies as an insured under the CGL Policy.

5.7     The Insuring Agreement for the CGL Policy provides coverage for legal liability for "bodily injury" caused by an "occurrence" and not otherwise excluded by the CGL Policy.

5.8     There is an actual and justiciable controversy as to whether some or all of the claims in the Underlying Suit are for "bodily injury" as that term is defined in the CGL Policy.

5.9     The CGL Policy's insuring agreement requires that "bodily injury" be caused by an "occurrence", which is defined to include an accident.

5.10    There is an actual and justiciable controversy as to whether some or all of the bodily injury claimed in the Underlying Suit was caused by an "occurrence" as that term is defined in the CGL Policy.

5.11    The CGL Policy excludes coverage for "bodily injury" expected or intended from the standpoint of an insured.

5.12    There is an actual and justiciable controversy as to whether some or all of the claims in the Underlying Suit are excluded because the "bodily injury" was expected or intended by Ruff where the Underlying Suit alleges that Ruff violated numerous workplace safety regulations, failed to have an accident prevention plan in place, and otherwise was responsible for a hazardous job site and/or otherwise committed and/or allowed unsafe practices.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

5.13    The CGL Policy excludes coverage for an insured's obligations under a worker's compensation law or similar law.

5.14    There is an actual and justiciable controversy as to whether some or all of the claims against Ruff are excluded by this exclusion where it is alleged that Mr. Olguin worked for Trinity who was an Agent of Ruff and to the extent Ruff would consequently owe Mr. Olguin duties under any worker's compensation law or similar law.

5.15    The CGL Policy excludes liability for "bodily injury" to an "employee", which is defined to include a member, associate, "leased worker", contract worker, casual worker, "temporary worker" and/or persons loaned to or volunteering services to Ruff.

5.16    There is an actual and justiciable controversy as to whether some or all of the claims against Ruff are excluded by this exclusion where it is alleged that Mr. Olguin worked for Trinity who was an agent of Ruff and therefor to the extent that Mr. Olguin may be considered an "employee" of Ruff as that term is defined in the CGL Policy.

5.17    The CGL Policy excludes coverage for any claim or "suit" for "bodily injury" sustained by the named insured's independent contractors, subcontractors, or any employee, "leased worker", "temporary worker" or volunteer help of same pursuant to Endorsement CAS3060 0110.

5.18    There is an actual and justiciable controversy as to whether coverage is excluded for Ruff under Endorsement CAS3060 0110 where the Underlying Suit alleges that Mr. Olguin was an employee of Trinity and Trinity was providing services to Ruff at the time of the injuries complained of in the Underlying Suit and Trinity is an independent contractor and/or subcontractor of Ruff.

5.19    The CGL Policy precludes coverage for claims or suits for "bodily injury" where

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1    there is a dedicated insurance program in place that covers the operations at issue.

2          5.20    There is an actual and justiciable controversy as to whether Ruff had a dedicated

3    insurance program in place covering the operations at issue such that coverage would be excluded

4    under the CGL Policy.

5          5.21    The CGL Policy includes a duty to defend exclusion that precludes any duty to

6    defend where there is no coverage under the CGL Policy.

7          5.22    There is an actual and justiciable controversy as to whether the duty to defend

8    exclusion precludes any duty to defend where exclusions in the CGL Policy preclude coverage.

9          5.23    The CGL Policy includes a Duties in the Event of Occurrence provision, which sets

10   forth an insured's obligations under the CGL Policy.

11         5.24    There is an actual and justiciable controversy as to whether Ruffs' failure to provide

12   documents and information requested pursuant to the Duties in the Event of Occurrence provisions

13   breached the terms and conditions of the CGL Policy and prejudiced Kinsale such that coverage

14   for the Underlying Suit is precluded.

15         5.25    The Excess Policy's Insuring Agreement follows form with the terms, conditions,

16   and exclusions of the "primary insurance."

17         5.26    There is an actual and justiciable controversy as to whether there is any duty to

18   defend and/or indemnify Ruff for the allegations in the Underlying Suit under the Excess Policy

19   where the terms, conditions, and exclusions of the CGL Policy preclude coverage and where the

20   CGL Policy is identified as "primary insurance" under the Excess Policy's Schedule of Underlying

21   Insurance.

22         5.27    The Excess Policy's Insuring Agreement provides that it provides coverage for

23   damages because of injury in excess of the "underlying insurance" listed as "primary insurance"

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

in the Schedule of Underlying Insurance.

5.28    There is an actual and justiciable controversy as to whether the Excess Policy's Insuring Agreement has been triggered where the Schedule of Underlying Insurance lists the CGL Policy as "primary insurance" and where Ruff is not legally obligated to pay any sums in excess of the CGL Policy and where the CGL Policy's limits have not yet been exhausted.

5.29    The Excess Policy provides a right, but not a duty, to defend where the Limits of "underlying insurance" have not been exhausted and only has a duty to defend when the Limit of Insurance of the "underlying insurance" are exhausted.

5.30    There is an actual and justiciable controversy as to whether there is any duty to defend under the Excess Policy where the CGL, which is considered "underlying insurance" and listed on the Schedule of Underlying Insurance and where the CGL Policy has not been exhausted.

5.31    The Excess Policy specifically incorporates by reference and excludes coverage for all claims excluded under "underlying insurance" because of exclusions in the "underlying insurance" unless the Excess Policy provides otherwise.

5.32    There is an actual and justiciable controversy as to whether the exclusions in the Kinsale CGL Policy that preclude coverage under the Kinsale CGL Policy as set forth above also preclude coverage under the Excess Policy.

5.33    The Excess Policy provides that there is no duty to defend where there is no coverage under the Excess Policy.

5.34    There is an actual and justiciable controversy as to whether the Duty to Defend Exclusion precludes any duty to defend Ruff from the claims in the Underlying Suit under the Excess Policy when there is no actual coverage for the claims under the terms and conditions of the Excess Policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

5.35    The Excess Policy includes an exclusion for claims or suits for injury or damage that are covered by a "dedicated insurance program" as that term is defined in the Excess policy unless the exception for ongoing operations for project locations not covered by the "dedicated insurance program" if Ruff's operations are not covered by that "dedicated insurance program".

5.36    There is an actual and justiciable controversy as to whether the Dedicated Insurance Program Exclusion precludes coverage in this matter.

5.37    The Excess Policy's Non-Drop Down Provision provides that the Excess Policy's limits of insurance do not apply until the limits of the "underlying insurance" have been exhausted solely as the result of claim payments for damages by the underlying insurers for claims covered under the Excess Policy including payments of costs and expenses incurred in the investigation or defense of claims covered by the Excess Policy.

5.38    The Excess Policy's Non-Drop Down Provision makes it the insured's sole responsibility to provide other insurance or self-insurance for any impairment of the underlying aggregate limits as a result of claims for damages excluded by this Policy.

5.39    There is an actual and justiciable controversy as to whether the Non-Drop Down provision's requirements have been satisfied.

5.40    In addition to the provisions cited above, Kinsale pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Kinsale CGL Policy and Excess Policy which may be found to be applicable to Kinsale's investigation and defense of these claims, and Kinsale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

6.1    Kinsale incorporates by reference and realleges paragraphs 1.1 through 5.40 above

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

as if fully set forth herein.

6.2     Actual and justiciable controversies exist as to whether Kinsale owes any defense to Ruff under the CGL Policy or Excess Policy.

6.3     Pursuant to and in accordance with 28 U.S.C. § 2201, Kinsale requests that this Court grant declaratory relief in its favor and enter a judicial determination that Kinsale does not have an obligation to provide a defense to Ruff under the CGL Policy and/or the Excess Policy with respect to the claims asserted against it in the Underlying Complaint.

6.4     Actual and justiciable controversies exist as to whether any indemnity coverage is available to Ruff under the CGL Policy and/or the Excess Policy with respect to the claims asserted against it in the Underlying Complaint.

6.5     Pursuant to and in accordance with 28 U.S.C. § 2201, Kinsale requests that the Court grant declaratory relief in its favor and enter a judicial determination that Kinsale does not have an obligation to provide any indemnity coverage to Ruff under either the CGL Policy or the Excess Policy with respect to the claims asserted against it in the Underlying Complaint.

## VII.     PRAYER FOR RELIEF

Kinsale, having alleged the foregoing, does now hereby pray for relief as follows:

1.     For a declaration of the rights and obligations of the parties under the CGL Policy.

2.     For a declaration of the rights and obligations of the parties under the Excess Policy.

3.     For a declaration that Kinsale does not owe Ruff a defense obligation under the CGL Policy for any claims asserted against it in the Underlying Suit.

4.     For a declaration that Kinsale does not owe Ruff any indemnity obligation under the CGL Policy for any claims asserted against it in the Underlying Suit.

5.     For a declaration that Kinsale does not owe Ruff a defense obligation under the

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

Excess Policy for any claims asserted against it in the Underlying Suit.

6.      For a declaration that Kinsale does not owe Ruff any indemnity obligation under the Excess Policy for any claims asserted against it in the Underlying Suit.

7.      For all interest allowed by law.

8.      For attorney fees and costs allowed by statute and law.

9.      For other and further relief as the Court deems just and equitable.

DATED this 27th day of July 2022.

LETHER LAW GROUP

*/s/ Thomas Lether*
*/s/ Kevin J. Kay*
Thomas Lether, WSBA #18089
Kevin J. Kay, WSBA # 34546
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com
kkay@letherlaw.com
*Attorneys for Kinsale Insurance Company*